**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 5, 2005**

**TENTH CIRCUIT**

MARCO A. ROCHA,

      Plaintiff - Appellant,

    v.

G. WATKINS, FCF Prison Warden;
M. RUDDER, FCF Prison Lt.; D.
SLIGAR, C/O FCF Prison; H. ROSE,
FCF Dental Assistant and other
unnamed defendants,

      Defendants - Appellees.

No. 05-1052

(D. Colorado)

(D.C. No. 04-Z-2298)

**ORDER AND JUDGMENT** *

Before **BRISCOE, LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

Accordingly, the case is ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding *pro se*, Marco A. Rocha appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. Rocha, a Colorado state prisoner, complains that Defendants (1) violated his equal protection and Eighth Amendment rights by failing to provide him with dental care every six months and (2) violated his Eighth and Fourteenth Amendment rights by placing him in punitive segregation without a hearing.

Although Rocha did not exhaust his administrative remedies, the district court dismissed his complaint pursuant to 42 U.S.C. § 1997e(c)(2). Specifically, the court ruled that Rocha's equal protection claim failed because he alleged only that he did not receive dental care every six months; he did not allege that other inmates *do* receive care every six months. Rocha's Eighth Amendment claim failed because he did not allege specific facts sufficient to establish that Defendants were deliberately indifferent to his serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The district court concluded that Rocha's due process claim failed because his placement in punitive segregation for nine days did not impose an "atypical and significant hardship" on him. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Cosco v. Uphoff*, 195 F.3d 1221, 1223-24 (10th Cir. 1999).

We have reviewed the record, the appellate briefs, and the applicable law and conclude the dismissal of Rocha's § 1983 complaint was proper.

Accordingly, the district court's order dismissing Rocha's complaint is **affirmed** for substantially the reasons stated in the district court's order dated January 12, 2005. Rocha's motion to proceed *in forma pauperis* is **granted**; his Petition for Writ of Mandamus is **denied.** Rocha is reminded that he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge